IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHAWN O'HARA; BARBARA DALE WASHER;
THOMAS RANDOLPH HUFFMASTER; And
KEN WOODFORD                                                                          PLAINTIFFS

VERSUS                                                        CIVIL ACTION NO.  2:06cv180KS-MTP

MISSISSIPPI OFFICE OF SECRETARY
OF STATE; And KIM KILLINGWORTH                                                     DEFENDANTS

### ORDER

This matter is before the court on the plaintiffs' Motion for Reconsideration and to Vacate Judgment of the order granting the defendants' Motion for Summary Judgment **[#18/19]** entered on July 17, 2007.  The court, having reviewed the motion and being fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:

The plaintiffs have not cited to any rule in moving for reconsideration.  The Federal Rules do not recognize a "motion for reconsideration" as such.  However, the Fifth Circuit has consistently stated that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under rule 59(e) or a motion for "relief from judgment" under Rule 60(b), Federal Rules of Civil Procedure. The proper denomination of the motion is determined

1

by the time within which the motion is served.  If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).  *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994).  Because the plaintiffs' motion was filed on August 2. 2007, more than ten days after the final judgment, it will be is treated as a Rule 60(b) motion for relief from judgment.  *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n. 3 (5th  Cir.1991); Fed.R.Civ.P. 60(b).

Rule 60(b) provides:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.  Such a motion cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Nor, can it be used to argue a case under a new legal theory.  *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) *(quoting Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)).

The present motion filed by the plaintiffs seeks, for the first time, to argue that the undersigned judge should recuse himself due to his representation more than

twenty years ago of a person related to this litigation, but not a party.  Such a request is clearly not a basis for relief under Rule 60(b), nor under any other rule of the court.  The plaintiffs have presented no other basis for relief from the judgment entered herein, therefore, the court finds that the motion is not well taken and should be denied.

    IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiffs' Motion for Reconsideration **[#18/19]** is denied.

    SO ORDERED AND ADJUDGED this the 3rd day of August, 2007.

                                           *s/Keith Starrett*
                                           UNITED STATES DISTRICT JUDGE